UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

US BANK NATIONAL ASSOCIATION, as
Trustee for GSMPS2004-4,

                  Plaintiff,

vs.                                    Case No.  2:11-cv-171-FtM-29SPC

LARRY R. BRADSHAW, THE UNKNOWN
SPOUSE OF LARRY R. BRADSHAW; ANY AND
ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE
HEREIN NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD OR
ALIVE, WHETHER SAID UNKNOWN PARTIES
MAY CLAIM AN INTEREST AS SPOUSES,
HEIRS, DEVISEES, GRANTEES, OR OTHER
CLAIMANTS; CADLEROCK JOINT VENTURE,
L.P.; TENANT #1, TENANT #2, TENANT
#3, AND TENANT #4 the names being
fictitious to account for parties in
possession,

                  Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on review of *pro se* defendant Larry R. Bradshaw's Notice of Removal (Doc. #1) filed on March 28, 2011.  Defendant removed the case pursuant to "28 U.S.C. §§ 1331(Federal Question) 15 U.S.C. § 1692(e), 18 U.S.C. § 1346, 1332 Diversity Jurisdiction), 1441 (Removal Generally) 1443(1)(Civil Rights), 1446(a) & Rule 11 FRCP, 42 U.S.C. 1983 (Civil action for deprivation of rights), 1985(2)&(3), and 1986 (Action for neglect to prevent)".  (Doc. #1, p. 1.)

"A removing defendant bears the burden of proving proper federal jurisdiction. . . . Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

**I.**

On December 23, 2008, plaintiff US Bank National Association (US Bank) initiated a two-count Mortgage Foreclosure Complaint (Doc. #2) in the Twentieth Judicial Circuit Court in and for Lee County, Florida.  Plaintiff alleges that, on October 16, 1998, a promissory note and purchase money mortgage securing payment on a mortgage note (collectively "mortgage") were executed and delivered, and subsequently recorded in Lee County, Florida.  The mortgage is on real and personal property currently owned by Larry R. Bradshaw (Bradshaw) and the mortgage is in default since 2007.  Plaintiff now seeks the full amount due, including interest from the date of default, late charges, costs, and reasonable attorney's fees, and re-establishment of the lost Mortgage Note which secures the mortgage.  Also named are the unknown spouse of Bradshaw, Cadlerock Joint Venture, L.P. because of a recorded Assignment of Mortgage, and unknown tenants by virtue of an unrecorded lease or purchase option or possession of the property.  Relief is sought under Florida statutes and no federal question is presented in the

Complaint.  Additionally, the citizenship of the parties is not
stated in the Complaint or the Notice of Removal.

## II.

"Removal of state court actions to federal court involves both
jurisdictional and procedural considerations."  Lowery v. Ala.
Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007).  As to
jurisdiction, a state court action may be removed to a federal
court if it is a "civil action . . . of which the district courts
of the United States have original jurisdiction," unless Congress
expressly provides otherwise.  28 U.S.C. § 1441(a); Darden v. Ford
Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000).  Such
original jurisdiction includes federal question jurisdiction
pursuant to 28 U.S.C. § 1331, and diversity jurisdiction, which
requires that the parties be citizens of different states and that
the amount in controversy exceed the sum or value of $75,000,
exclusive of interest and costs.  28 U.S.C. § 1332; Morrison v.
Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

As advanced by defendant, the Complaint does not set forth a
basis for federal jurisdiction under any of the proposed statutes
as follows:  no federal question is presented in the Complaint for
purposes of 28 U.S.C. § 1331; 15 U.S.C. § 1692(e) states a general
purpose "to eliminate abusive debt collection practices" but does
not provide a basis for a cause of action; 18 U.S.C. § 1346 defines
a crime and is not a basis for a civil cause of action; allegations

of diversity are deficient under 28 U.S.C. § 1332 because the citizenship of the parties is unstated in the Complaint and Notice of Removal; 28 U.S.C. § 1441 describes procedures but is not a basis for federal jurisdiction or a cause of action; 28 U.S.C. § 1446(a) also provides procedures for removal, but not a basis for federal jurisdiction; Fed. R. Civ. P. 11 is not a basis for removal but rather addresses that filings must be signed and are subject to sanctions; 42 U.S.C. §§ 1983, 1985, and 1986 govern civil rights actions, none of which are pled in the Mortgage Foreclosure Complaint.

Plaintiff states that the removal is also based on Section 1443, which states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> > . . . .

28 U.S.C. § 1443(1). For defendant to establish removal under this Section: "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' [ ] Second, the petitioner must show that he has been denied or

cannot enforce that right in the state courts." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001)(quoting Georgia v. Rachel, 384 U.S. 780, 792, 794 (1966)). Defendant fails to meet the first step in the analysis. Defendant does not state his race, or that actions were taken in state court because of his race. Also, 42 U.S.C. § 1983 is directed at state action under color of state law and not to private parties like plaintiff herein; § 1985 addresses conspiracy to prevent a federal officer from performing duties or the obstruction of justice in federal court; and § 1986 addresses the neglect of persons who fail to prevent wrongs under § 1985. Therefore, a basis for removal under § 1443 has not been demonstrated.

Plaintiff, in the Notice of Removal, appears to present claims of fraud and conspiracy by the State courts, including the attorneys and judges to deprive Bradshaw of his due process rights and civil rights. If defendant wishes to file suit alleging these claims, which are unrelated to the allegations in the Complaint, he must file his own Complaint. Plaintiff's claims are not relevant to the determination of removal jurisdiction. Only the claims in the removed Complaint are relevant to the inquiry. Therefore, the constitutional and civil rights claims will not be construed as providing federal question jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant shall show cause why the case should not be remanded to the state court for lack of jurisdiction within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of April, 2011.

_____
JOHN E. STEELE
United States District Judge


Copies:
Defendant