UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

US BANK NATIONAL ASSOCIATION, as
Trustee for GSMPS2004-4,

                Plaintiff,

vs.	Case No. 2:11-cv-171-FtM-29SPC

LARRY R. BRADSHAW,

                Defendant.
_____

**OPINION AND ORDER**

On April 5, 2011, the Court issued an Opinion and Order (Doc. #8) directing defendant to show cause why the case should not be remanded to the state court for lack of jurisdiction. On April 15, 2011, defendant filed a Response (Doc. #14).

In his response, defendant indicates that he is a citizen of and domiciled in the State of Florida. Defendant further indicates that plaintiff is a citizen of a state other than Florida, and its website reflects an address in Ohio. Defendant states that "[n]o other defendants have joined the case." Defendant argues that the collusion of attorneys and the state court to hamper the presentation of rights "arise under" federal law by depriving people's constitutional rights in mortgage foreclosure cases. Defendant further argues that a "significant nexus between federal law" and the original note" provide federal question jurisdiction because it is a FHA loan and plaintiff makes references to the requirements of the "Federal Fair Debt Collection Act".

"Federal courts are courts of limited jurisdiction." United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005)(collecting cases). Diversity jurisdiction requires complete diversity: every plaintiff from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)(citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996)). A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 130 S. Ct. 1181, 2010 U.S. LEXIS 1897, at **28-29 (Feb. 23, 2010).

The Court finds that defendant Bradshaw has failed to show that plaintiff's citizenship is not the State of Florida for purposes of establishing complete diversity. Additionally, Bradshaw states that the other defendants did not join the case. Although the other defendants may not have joined in the removal of the case, defendant Bradshaw cannot ignore or dismiss their participation in this case, and their citizenship is also relevant to the inquiry. See Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(unanimity of consent required in removal cases involving multiple defendants); see also Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1208 (11th Cir. 2008)(consent of unserved defendants not required).

The Court rejects the argument that the mere reference to compliance with the Fair Debt Collection Practices Act (Doc. #2, ¶ 2) provides jurisdiction. The Mortgage Foreclosure Complaint (Doc. #2) seeks a determination as to the amount due under a Mortgage Note and Mortgage, and to foreclose if the amount is not paid immediately pursuant to Florida Statute Section 45.031 (2006); and for re-establishment of the Note pursuant to Florida Statute Section 673.3091. For a cause of action to "arise under" federal law, the federal law has to create the cause of action. Johnson v. Wellborn, No. 10-12494, 2011 WL 914302, *4 (11th Cir. Mar. 17, 2011)(citing Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998)). The causes of action in this case are not based on, and do not arise under, a federal law or the United States Constitution. The fact that the Mortgage may be backed by the Federal Housing Administration (FHA) does not provide jurisdiction because the cause of action is not brought pursuant to a federal statute, e.g., Fair Housing Act. Therefore, the Court finds that defendant Bradshaw has failed to meet his burden of proving proper federal jurisdiction.

Accordingly, it is now

**ORDERED**:

Finding no subject matter jurisdiction shown, the Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit

a certified copy of this Order to the Clerk of that Court. The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

    **DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of April, 2011.

                                                   JOHN E. STEELE
                                                   United States District Judge

Copies:
Parties of record